JUDGE ROBERTSON
delivered tiie opinion of the court.
Instead of proceeding to enjoin an alleged nuisance, or suing for the entire damage resulting from a nuisance, the *142 appellees — mother and infant son — brought this action of trespass for damages already sustained from occasional inundations of a portion of their lot in Bowling Green, caused by an embankment, on Main Street adjoining their residence, made by the appellant for the track of its railroad. In adjusting the grade of the road through the town the appellant made an embankment across Main Street about six feet high, and this necessitated a correspondent elevation in the grade of that street opposite to the lot of the appellees. At the instance of the municipality, and for the convenience of the citizens, that extension of the embankment was constructed by the appellant as desired. Before that extension the lot of the appellees was higher than the level of that street, and the elevation of the track of the railroad with its culvert would not have obstructed the flow of water from the lot to a sink near the depot below and across the street; but the extended embankment, with its two culverts, occasionally obstructs the flow so much as by stagnation or refluence to flood a portion of the lot, and not only injure its grass and flowers, but annoy its occupants, and subject them and their visitors to inconvenience. Bor that imputed wrong the appellees obtained in this action a verdict for five hundred dollars; and the circuit court, remitting one third, rendered judgment for the residue.
If the appellant be legally liable, we see nothing in the rulings of the circuit judge, or in the amount adjudged, which would authorize this court to reverse the judgment. And on the facts stated and established we adjudge that the action as brought is maintainable even though it would have been better for all concerned to have proceeded in a different and more quieting mode.
1. Although the appellant’s own embankment across the street 'may not per se have done any damage to the *143 appellees specially, yet it obstructed the use of the street in which all had a common interest, and, as a necessary and proximate effect, produced the more -extensive and graduating embankment of the street from which the damage resulted.
2. It may be presumed from the facts that a proper grade might have been effected without any embankment across Main Street, and if so it ought to have been done.
3. While the municipal authorities had a right to change the grade of the street, there is no reason to presume that they would have done so, and especially as done, had not the appellant’s questionable embankment made it necessary; and, when done, it was their duty to avoid all damage as far as possible. And we are not permitted to doubt that there might have been a construction which would have prevented the settling of the rain, by damming or otherwise, in the lot of the appellees.
4. In making the embankment for the town it was the duty of the appellant as well as the. town to avoid the injury of which the appellees complain; and the jury had the right to find that this might have been done.
Consequently, even if the municipality be responsible, the appellant is equally if not more liable to this action, the result of which may secure the appellees against future damage from the same cause.
Wherefore the judgment is affirmed.